UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


United States of America,                                  Case No. 3:22-cr-74

                Plaintiff,

v.                                                       MEMORANDUM OPINION
                                                              AND ORDER

Kenan Smith,

                Defendant.


### I.     INTRODUCTION

Defendant Kenan Smith seeks to withdraw his plea of guilty. (Doc. No. 40). The government filed a brief in opposition to the motion. (Doc. No. 42). For the reasons stated below, I deny Smith's motion.

### II.     BACKGROUND

On March 2, 2022, Smith was charged with four counts of possession of controlled substances with the intent to distribute, in violation of 21 U.S.C. § 841. (Doc. No. 1). Smith was appointed counsel pursuant to the Criminal Justice Act and referred for a psychiatric or mental health evaluation, counseling, or both. (Doc. Nos. 8 and 15). Approximately one year later, Smith retained a new attorney, and his appointed attorney withdrew from the case. (Doc. Nos. 19 and 21). Then, on July 10, 2023, I ordered that Smith be evaluated to determine whether he was competent to stand trial and to understand the nature and consequences of the proceedings against him and to assist in his own defense. (Doc. No. 24). The psychologist to whom Smith was referred concluded

he was competent to understand the proceedings, assist in his own defense, waive any mental health defenses, and to testify in his own defense. (Doc. No. 25) (filed under seal).

The parties subsequently informed me they had reached a plea agreement and I set a change-of-plea hearing for February 1, 2024. (*See* non-document order dated Nov. 21, 2023). On the scheduled date of the plea, I first evaluated evidence of Smith's competency, including the psychological evaluation and report, and any additional evidence and argument the parties wished to offer. Consistent with the report and in reviewing 18 U.S.C. § 4241, I found Smith competent to be prosecuted. As part of the plea agreement, the government filed a superseding information charging Smith with two counts of possession of controlled substances with intent to distribute and dismissed the four-count indictment. (*See* Doc. No. 26). Smith pled guilty to both counts. (Doc. No. 28).

The case was then set for a sentencing hearing on June 11, 2024, following the completion of the presentence report. On June 11, 2024, the hearing was vacated at Smith's request and reset for July 8, 2024. (*See* non-document entry dated June 11, 2024). On July 2, 2024, the rescheduled sentencing hearing was again vacated at Smith's request and the case was set for in-person pretrial conference on July 11, 2024. (*See* non-document entry dated July 2, 2024). A few days later, Smith's retained counsel moved for leave to withdraw from the case. (Doc. No. 34). I granted that motion and appointed the Office of Federal Public Defender to represent Smith. (*See* non-document entries dated July 11, 2024).

Fifty days later, on August 30, 2024, Smith filed a motion to withdraw his guilty plea. (Doc. No. 40). Smith claims he entered his guilty plea based upon his understanding from conversations with his retained counsel that he was facing a sentence of probation but that, when he arrived at his sentencing hearing, he was informed he instead was facing a term of 70 months in prison. (*Id.* at 3). He contends it was at this point that he "understood he needed to seek to withdraw his guilty plea." (*Id.*). Smith further argues "he does not possess a sophisticated or nuanced understanding of the

2

federal sentencing system," because these are his first federal charges and "[t]he advice and explanations of counsel are therefore important in navigating this system." (*Id.*).

### III.     ANALYSIS

Rule 11 provides "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . .the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d).  Smith bears the burden to "demonstrate that proper grounds exist for the granting of the motion [to withdraw his guilty plea]." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996) (citing *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987)).  The purpose of Rule 11(d) is to "allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (quoting *United States v. Carr*, 740 F.2d 339, 345 (5th Cir. 1984)).

The Sixth Circuit recognizes seven nonexclusive factors which weigh upon a court's discretion in determining whether a defendant has offered a fair and just reason to withdraw his guilty plea:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Ellis*, 470 F.3d 275, 281 (6th Cir. 2006).  *See also Alexander*, 948 F.2d at 1004 ("The prejudice to the government need not be established or considered unless and until the defendant has established a fair and just reason for vacating his plea.").

None of these factors weigh in Smith's favor. As Smith acknowledges, one day shy of seven months – two hundred and eleven days, to be precise – passed from the date on which he entered his guilty plea to the filing of his motion to withdraw his plea. (Doc. No. 40 at 2). This delay greatly exceeds the periods of time the United States Court of Appeals for the Sixth Circuit routinely holds to weigh in favor of denial of a defendant's motion to withdraw his plea. *See, e.g., United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998) (delay of more than four months sufficient to support denial of motion to withdraw plea); *United States v. Durham*, 178 F.3d 796, 798-99 (6th Cir. 1999) (holding the same based upon a seventy-seven day delay); *United States v. Valdez*, 362 F.3d 903, 912 (6th Cir. 2004) (seventy-five day delay); *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (sixty-seven day delay); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (fifty-five day delay); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (five week delay). *See also Ellis*, 470 F.3d at 281-82 (holding delay of more than six months "weigh[ed] heavily against Defendant and supports an affirmance of the district court's denial of the motion").

Further, Smith offers no legitimate reason for his delay in bringing his motion to withdraw his plea. His arguments on this point revolve on his conversations with, and changes of, counsel. Smith retained counsel with the firm of Patituce & Associates and was represented by three different attorneys from that firm at various points in this case. (*See* Doc. No. 40 at 2-3). He asserts his first attorney (who represented him through the change-of-plea hearing) led him to believe he could expect to be sentenced to a term of probation, while his third attorney (who was to represent him during the sentencing hearing) told Smith he was facing seventy months in prison. (*Id.*). According to Smith, it was at the June 11, 2024 sentencing hearing when he learned new facts which convinced him he needed to withdraw his plea. (*Id.* at 3).

Even if I assume it is true that Smith's first retained attorney told him he would receive probation, it was clear to Smith before he pleaded guilty that he was facing a much more significant

4

penalty. The plea agreement indicates Smith faced a maximum term of 20 years in prison and a maximum statutory fine of $1,000,000. (Doc. No. 28 at 2). I reiterated these maximum penalties to Smith during his change-of-plea hearing. (Doc. No. 36 at 31-32). Smith stated he understood these potential penalties. (*Id.* at 32). I spent a substantial amount of time reviewing these potential penalties because "I want[ed Smith] to understand federal sentencing." (*Id.* at 33).

Further, I told Smith that if he pleaded guilty, there would be a presentence report which would determine the appropriate sentencing range applicable to his case, pursuant to the Sentencing Guidelines. (*Id.* at 38). Later, I discussed Smith's base offense level, the three-level reduction he could receive for pleading guilty and being awarded acceptance of responsibility, and his potential criminal history category. (*Id.* at 40-41). I told Smith these calculations were only estimates at that point, but if they were found to be correct, his guideline range would be sixty-three to seventy-eight months. (*Id.* at 41). Smith repeatedly said he understood what I was explaining and did not have any questions.

Thus, on February 1, 2024, before he changed his plea from not guilty to guilty, Smith affirmatively stated he understood he was facing a potential sentence of 63 to 78 months. He did not mention at any point that his attorney told him he would receive probation. He affirmed that his attorney explained to him what penalties he faced upon conviction and that he was satisfied with her representation. (*Id.* at 48-49). He then pleaded guilty to both counts in the superseding information. (*Id.* at 60-61). When "a defendant is aware of the condition or reason for a plea withdrawal, at the time the guilty plea is entered, a case for withdrawal is weaker." *Spencer*, 836 F.2d at 239 (citing *United States v. Usher*, 703 F.2d 956 (6th Cir. 1983)).

Smith also stated he understood that he would be interviewed for a presentence report which would identify the appropriate sentencing range. (*Id.* at 38, 61). The presentence report writer initially concluded Smith's criminal history category was IV, not II as estimated during the

5

change-of-plea hearing, and calculated his guideline range as 84 to 105 months.  (Doc. No. 29) (docketed April 30, 2024).  The writer subsequently concluded the proper criminal history category was III and calculated Smith's guideline range as 70 to 87 months.  (Doc. No. 30) (docketed May 28, 2024).  Both these reports were released to Smith's attorney and Smith does not claim that counsel failed to share this information with him.  Thus, Smith knew at least 2 weeks, if not 6 weeks, prior to his sentencing hearing that he was facing a substantial amount of time in prison.

These undisputed facts render dubious Smith's claim that he did not realize he was going to receive a term of imprisonment at his sentencing hearing.  But even if I take that assertion to be true, it still does not excuse Smith's delay in seeking to withdraw his plea.  By his own admission, he knew of his claimed reason for withdrawing his plea no later than June 11, 2024.  He did not file a motion to withdraw his plea in the 24 days between that date and July 5, 2024, when retained counsel moved for leave to withdraw from the case.  An additional 50 days passed between the appointment of new counsel and his current motion.  Smith does not offer any explanation for failing to file his motion to withdraw his plea at an early time when the asserted basis for that motion was succinct and immediately evident.

The other factors weigh against Smith as well.  Smith admitted guilt on at least two occasions: (1) during his change of plea hearing, (Doc. No. 36 at 54-55, 60-1); and (2) during his interview with the presentence report writer.  (Doc. No. 29 at 5) ("The defendant . . . admitted his involvement in the offense conduct, as detailed in the factual basis of the plea agreement.  Furthermore, the defendant and defense counsel are relying on the facts presented at the change of plea hearing to establish acceptance of responsibility for the defendant.").  He has not asserted his innocence at any point since the change of plea hearing, including in his current motion.

Nor do the circumstances surrounding Smith's guilty plea support his motion.  As I discussed above, I reviewed the plea agreement and the government's proffered evidence at great

6

length with Smith and provided him repeated opportunities to ask questions or to consult with counsel. He repeatedly stated he understood what was occurring and that he wanted to proceed with changing his plea.

While he now claims his attorney misled him regarding his potential sentence, "a plea bargain based upon the hope of a more lenient sentence is not inherently unfair. . . . Unfulfilled subjective expectations of counsel and a defendant regarding the possible length of sentence do not render an otherwise valid plea involuntary." *United States v. Ford*, 15 F. App'x 303, 308 (6th Cir. 2001) (citing *Carwile v. Smith,* 874 F.2d 382, 385-86 (6th Cir. 1989); *Spinelli v. Collins,* 992 F.2d 559, 561 (5th Cir. 1993); and, *Stout v. United States,* 508 F.2d 951, 953 (6th Cir. 1975)).

Smith's nature, background, and previous exposure to the criminal justice system also weigh against permitting withdrawal of his guilty plea. Smith represents he earned his G.E.D., and he owns numerous residential rental properties as well as a business. Further, Smith has at least 34 criminal convictions dating back to 1997, in addition to numerous juvenile adjudications of delinquency, and he served at least 2 multi-year terms of incarceration with the Ohio Department of Rehabilitation and Correction.

While Smith seeks to soften his criminal history by pointing out these are his first federal charges, the relevant inquiry is a defendant's overall exposure to the criminal justice system, not merely his interactions with the federal government. *See, e.g., Pluta*, 144 F.3d at 974 (noting defendant's "extensive experience with the criminal justice system, as evidenced by his twenty-five criminal history points, clearly indicates that [defendant] was not a naive stranger to the criminal proceedings in which he was involved"); *Ford*, 15 F. App'x at 310 (rejecting defendant's contention he should be permitted to withdraw his guilty plea because "the instant case [was] his first exposure to the federal criminal justice system" due to defendant's prior felony and misdemeanor convictions in Michigan state courts).

"'When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise.'" *Ellis*, 470 F.3d at 280 (quoting *United States v. Morrison,* 967 F.2d 264, 268 (8th Cir. 1992)). For all the reasons I have described, Smith fails to show the circumstances of this case warrant an exception to the general rule that his guilty plea is binding.

## IV.  CONCLUSION

I conclude Smith has not offered a fair and just reason to support his motion to withdraw his guilty plea. Therefore, and for the reasons set forth above, I deny his motion. (Doc. No. 40).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge